UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARTER RODOWICZ,
*Plaintiff*,

v.

FELDMAN, PERLSTEIN,
& GREENE, LLC,
*Defendant*.

No. 3:20-cv-00777 (JAM)

**ORDER GRANTING MOTION FOR SUMMARY JUDGEMENT**

In this legal malpractice action, plaintiff Carter Rodowicz sues defendant Feldman, Perlstein & Greene, LLC ("Feldman"), a law firm that represented him during litigation over control of the Rodowicz family trust. Rodowicz claims that the poor quality of Feldman's representation in that action led to his removal from his position as a trustee.

Feldman has now moved for summary judgement. I will grant the motion because Rodowicz's failure to disclose an expert witness renders him unable to prove his malpractice claim at trial.

**BACKGROUND**

This long-running litigation stems from a feud among siblings over a trust set up for the care of the Rodowicz mother. *See Rodowicz v. Stein*, 2023 WL 1967246, at *1 (D. Conn. 2023). Rodowicz and his sister, Deborah Bernard, took control of the trust at the expense of their brother and other members of the family. *See Rodowicz v. Bernard*, 2018 WL 3015053, at *1 (Conn. Sup. Ct. 2018). Rodowicz's brother had been ousted from his position as a trustee after an amendment to the trust that added Rodowicz as a trustee. *Ibid.* In the suit that gave rise to this case, Rodowicz's brother's son sought to have that amendment declared invalid and to have Rodowicz and Bernard removed as trustees for breaches of fiduciary duty. *Ibid.*

1

Rodowicz ultimately engaged Feldman to defend the suit.[1] Feldman represented Rodowicz and Bernard during a trial on the matter.[2] During trial, several witnesses offered negative—and allegedly false—testimony about Rodowicz, prompting him to ask his lawyers for permission to retake the stand.[3] But he ultimately did not testify further.[4]

The Connecticut Superior Court later rendered a split verdict in the underlying case. It found that the amendment to the trust was valid, but nevertheless concluded that Rodowicz and Bernard had breached their fiduciary duties and should be removed as trustees. *Id.* at *1, *4.

Rodowicz subsequently filed this action against Feldman.[5] He brought four counts, three of which related to his dissatisfaction with Feldman's representation, and one of which accused Feldman of engaging in vexatious litigation in state court. *See Rodowicz v. Feldman, Perlstein, & Greene, LLC,* 2021 WL 3290706, at *3 (D. Conn. 2021). Feldman moved to dismiss all counts pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7).[6] I granted the motion in part, dismissing counts two through four. *Id.* at *7. However, I allowed Rodowicz to proceed on his first count, which alleged legal malpractice based on Feldman's failure to combat the negative testimony about Rodowicz in the underlying trust litigation. *Ibid.*

Shortly afterward, the parties filed a report pursuant to Fed. Civ. P. 26(f) to determine the schedule for discovery. The report, which I approved in relevant part, allowed Rodowicz until June 1, 2022 to designate any trial experts.[7] I later amended the scheduling order to give

---

[1] Doc. #84-1 at 1-2 (¶ 1) (Rodowicz's agreement that he engaged Feldman to defend this particular action).
[2] *Id.* at 3 (¶ 3) (Rodowicz's acknowledgement that there was a trial on the matter).
[3] Doc. #84-13 at 3-7 (¶¶ 6-10).
[4] Doc. #84-1 at 6-7 (¶ 9) (Rodowicz's acknowledgement that he did not testify further).
[5] Doc. #1.
[6] Doc. #24 at 1.
[7] Doc. #36 at 5 (¶ 7); Doc. #38.

Rodowicz until December 1, 2022, to disclose experts.[8] I eventually granted a final modification to the scheduling order, extending the close of discovery to July 3, 2023.[9]

Feldman now moves for summary judgement, asserting that Rodowicz has not disclosed any expert witness and arguing that he will be unable to prove his case without an expert.[10] Rodowicz has filed a response to Feldman's motion, arguing in part that during preparation of the Rule 26(f) report, Feldman's attorney had agreed with Rodowicz's assertion that he did not need an expert witness.[11] He further contends that Feldman's counsel "acknowledged" his belief that an expert was unnecessary.[12] Finally, he requests an additional 30 days to obtain an expert if I determine that he requires an expert witness.[13] For her part, Feldman's counsel denies that she passed comment on Rodowicz's decision not to seek an expert witness.[14]

## DISCUSSION

The principles governing review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable jury to decide the case in favor of the opposing party. My role at summary judgement is not to judge the credibility of witnesses or to resolve close, contested issues of fact, but solely to decide if there are enough facts that remain in dispute to warrant a

---

[8] Doc. #66.
[9] Doc. #75.
[10] Doc. #79 at 1.
[11] Doc. #84 at 2.
[12] *Id.* at 3.
[13] Doc. #84 at 4.
[14] Doc. #88 at 12 (¶ 5).

trial. *See generally Tolan v. Cotton,* 572 U.S. 650, 656-57 (2014) (*per curiam*); *Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt.,* 64 F.4th 441, 445 (2d. Cir. 2023).[15]

### *Lack of an expert*

A claim for legal malpractice is an accusation that the litigant's attorney failed to exercise the "degree of skill and learning" that an "average prudent reputable member of the profession" would have applied, and that the litigant was injured as a result. *Bozelko v. Papastavros*, 323 Conn. 275, 283 (2016). Under Connecticut law, the claim requires the following elements: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages. *Ibid.*

In order to demonstrate a "wrongful act or omission," the plaintiff must establish the "standard of proper professional skill or care," *i.e.*, the standard by which a lay person—such as a juror—should judge the attorney's conduct. *Grimm v. Fox*, 303 Conn. 322, 329-330 (2012). To demonstrate causation, the plaintiff must show what likely would have happened if the attorney had not breached the standard of care. *See Bozelko*, 323 Conn. at 284.

Establishing the standard of care and causation ordinarily requires an expert witness. The negligence of an attorney and the consequences of that negligence are matters "beyond the field of ordinary knowledge and experience possessed by a juror." *Id.* at 284-85. As a result, a claim of legal malpractice usually requires the testimony of an expert witness to prove before a jury. *Ibid.*; *see also Grimm*, 303 Conn. at 329-30.

Here, Rodowicz has not disclosed any expert witnesses, and he has missed the deadline to do so. Without an expert witness, he will be unable to demonstrate to a jury that his attorneys breached their duty or the causal consequences of that breach, two essential elements of his case.

---

[15] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in test quoted from court decisions.

Under these circumstances, summary judgment is usually appropriate. *See Bozelko*, 323 Conn. at 277 (affirming grant of summary judgment to defendant after plaintiff failed to disclose an expert); *see also Kalra v. Adler Pollock & Sheehan, P.C.*, 2022 WL 280180, at *9 (D. Conn. 2022) (granting summary judgment absent expert testimony); *Finch v. Tooher, Wocl & Lydon, LLC*, 2013 WL 163988, at *4 (D. Conn. 2013) (same).

In his opposition brief, Rodowicz suggests that his might be the rare malpractice claim where expert testimony is unnecessary. Connecticut courts "have carved out a limited exception to this general rule [of expert testimony] in cases in which there is present such an obvious and gross want of care and skill that the neglect to meet the standard of care is clear even to a layperson." *Moore v. Crone*, 114 Conn. App. 443, 447 (2009). "'[T]he exception to the need for expert testimony is limited to situations in which the defendant attorney essentially has done nothing whatsoever to represent his or her client's interests.'" *Grimm*, 331 Conn. at 330 (quoting *Pagan v. Gonzalez,* 113 Conn. App. 135, 141 (2009)). Rodowicz contends that Feldman "ha[d] 'essentially, done nothing, whatsoever, to represent [his] interests', as it pertains to" the alleged "false and fraudulent testimony" submitted to the state court.[16]

But Rodowicz misinterprets the standard. The exception to expert testimony applies when an attorney has failed to act *entirely*, in other words, when the attorney has effectively abandoned her client. The standard originated in *Paul v. Gordon*, 58 Conn. App. 724 (2000), a case when an attorney did nothing after being retained, leading to a default judgment against his client. *Id.* at 728.

Rodowicz's claim of Feldman's malpractice is nowhere near as obvious. The claim stems from a complex case about the administration of a trust, during which Rodowicz's lawyers

---

[16] Doc. #84 at 7.

undoubtedly acted on his behalf. Rodowicz takes issue with a particular moment of inaction during extended proceedings, rather than asserting his attorneys did "nothing, whatsoever" after being retained. Under these circumstances, it is clear he needs an expert to prove his case.

      Rodowicz further argues that an expert is unnecessary because I can explain his case to the jury in my capacity as a judge.[17] This reasoning overstates a judge's role during a trial. Judges certainly have an obligation to instruct the jury on the standards it should use to decide a case. *See United States v. Farinella*, 558 F.3d 695, 700 (7th Cir. 2009). But they cannot explain and elaborate on a party's arguments to the jury—doing so would risk compromising their impartiality. *See United States v. Filani*, 74 F.3d 378, 385 (2d Cir. 1996) ("the judge should not become an advocate and argue the case for either side"); *see also United States v. Leslie*, 103 F.3d 1093, 1104 (2d Cir. 1997) ("[t]he judge should ask only those questions necessary to clarify ambiguities, correct misstatements, or obtain information necessary to make rulings"). Accordingly, Rodowicz cannot overcome his lack of an expert by calling on the Court to fill in the gaps.

      Finally, Rodowicz seeks to blame Feldman for his failure to designate an expert witness. He alleges that "the Defendant was well aware, and acknowledged, during the preparation of Rule 26(f) Report… that the Plaintiff was under the belief that Expert Witness was not needed, as to the Plaintiff's claims against the Defendant and acknowledged by the Defendant's counsel."[18] He further claims that "I advised [the defendant's attorney] that I believed that a layperson could understand my claims and that, if not, the Honorable Judge Meyer would

---

[17] *Id.* at 2, 7.
[18] *Id.* at 3.

certainly be able to explain them to a juror, in which [the defendant's attorney] agreed."[19] In short, Rodowicz claims that Feldman's attorney lulled or misled him.

I am not convinced. It was Rodowicz's responsibility as the plaintiff to secure and assemble evidentiary testimony on his own behalf. He could not pass off to opposing counsel his obligation to become familiar with the standard of proof required for his claims. *See Edwards v. Penix*, 388 F. Supp. 3d 135, 140 (N.D.N.Y. 2019) ("'the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law'") (quoting *Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 428 (S.D.N.Y. 2017)).

Nor am I persuaded that any inaccurate advice from opposing counsel made a difference. Rodowicz answered an interrogatory during the course of discovery stating that he "does not intend to call any expert witness as this Plaintiff maintains that a Jury under the direction of the Honorable Judge Jeffrey Meyer can render a decision as to the Malpractice and Negligence of [sic] behalf of Feldman."[20]

Rodowicz needs an expert witness to prove his case at trial, and he does not have one. Feldman is accordingly entitled to summary judgment.

### *Request for an extension*

Rodowicz's request for an additional thirty days to obtain an expert is essentially a request to modify a scheduling order.[21] As a result, Rodowicz must at least show good cause. *See Vanguard Dealer Servs., LLC v. Bottom Line Driven, LLC*, 2024 WL 98420, at *8 (D. Conn. 2024) (citing Fed. R. Civ. P. 16(b)). To show good cause, Rodowicz "must demonstrate

---

[19] *Id.* at 2.
[20] Doc. #79-1 at 11; Doc. #79-3 at 3 (¶ 15); *id.* at 62.
[21] Doc. #84 at 4.

diligence and that [his] proposed change to the schedule would not significantly prejudice the defendants." *Ibid.* Here, Rodowicz cannot demonstrate diligence. The parties' original Rule 26(f) planning report was approved on August 26, 2021, and adopted the party's deadline of June 1, 2022 for Rodowicz to designate trial experts.[22] I subsequently pushed back the plaintiff's expert disclosure date to December 1, 2022.[23] After two more extensions, I eventually set a final discovery date of July 3, 2023, nearly two years after the original 26(f) report was approved.[24]

Throughout that time, Rodowicz did not identify any expert witnesses, nor do his papers detail any efforts to obtain an expert witness. Under such circumstances, Rodowicz has not demonstrated the good cause necessary to modify the scheduling order. *See Lundstedt v. JP Morgan Chase Bank, N.A.*, 853 F. App'x 704, 708 (2d Cir. 2021) (affirming the district court's refusal to reopen discovery to allow a *pro se* plaintiff to disclose an expert when the plaintiff already had ample time to notice an expert).

## CONCLUSION

For the reasons stated above, the Court GRANTS defendant's motion for summary judgment (Doc. #79). The Court further DENIES as moot the plaintiff's motion for oral argument (Doc. #92). The Clerk of the Court shall close this case.

It is so ordered.

Dated at New Haven this 25th day of March 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[22] Doc. #38; Doc. #36 at 5.
[23] Doc. #66.
[24] Doc. #75.